UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APRIL GRAHAM *individually and as representative of the estate of Amari Thomas Graham*, et. al. | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 3:26-CV-0298-X |
| CITY OF IRVING and PETER PROVENZANO, | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff April Graham's Motion to Defer Ruling on Defendants' Motion to Dismiss. (Doc. 17). Plaintiff, April Graham—individually, on behalf of the estate of Amari Thoams Graham, and as next of fried of A.M.E.G—requests the Court defer ruling on the pending Motion to Dismiss because Defendants, City of Irving and Peter Provenzano, provided the Court with the bodycam footage from the night in question. Having considered the briefing and applicable law, the Court **DENIES** the motion.

## I. Legal Standard

In general, pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6)[,] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[1]

[1] FED. R. CIV. P. 12(d).

So on a motion to dismiss, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[2] Additionally, the Court has discretion to covert the motion or exclude the materials outside of the pleadings.[3]

## II. Analysis

April Graham, in her various capacities, requests the Court convert the motion to dismiss into a motion for summary judgment because of evidence attached to the motion to dismiss. Defendants argue that the Court can consider "Provenzano's body worn camera footage, [Irving Police Department]'s General Orders, and Taser Warnings and Instructions to Law Enforcement . . . because this information was central to Plaintiffs' claims and referenced in their complaint."[4] Additionally, Defendants provided the autopsy report, which they argue is a public record.[5]

The Court concludes that the documents attached are not incorporated by reference in the complaint.[6] And this action presents a similar situation to one faced by Judge Pittman, where law enforcement "have seemingly provided objective and compelling evidence that Plaintiffs' version of the facts is patently false."[7] Similarly

---

[2] *Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (cleaned up).

[3] *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (noting that the Court may consider matters of public record and the mere presence of evidence that the Court does not rely on does not require a district court to convert a motion to dismiss into a motion for summary judgment).

[4] Doc. 18 at 3.

[5] *Id.* (citing *Maryland Manor Assocs. v. City of Hou.*, 816 F. Supp. 2d 394, 403 (S.D. Tex. 2011)).

[6] *See Hodge v. Engleman*, 90 F.4th 840, 845 (5th Cir. 2024) (determining a complaint's similar reference to bodycam footage did not "sufficiently incorporate" it).

[7] *Craig v. Tarrant Cnty. Sheriff's Office*, No. 4:24-CV-00562-P, 2024 WL 4805382, at *3 (N.D. Tex. Nov. 15, 2024) (Pittman, J.).

the Court must consider the facts as pled but reminds counsel for Graham of his professional obligations.[8]

## III. Conclusion

Accordingly, the Court **DENIES** Graham's Motion to Defer Ruling on Defendants' Motion to Dismiss. The Court will not consider the evidence presented at this stage of litigation. Graham is **ORDERED** to respond to the motion to dismiss no later than August 14, 2026.[9]

**IT IS SO ORDERED** this 3rd day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[8] Federal Rule of Civil Procedure 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support . . . or will likely have evidentiary support." Should the Court discover, at the motion for summary judgment stage, that Graham's counsel failed to comply with his Rule 11 obligations, the Court will have to sanction Graham's counsel up to and including disbarment from this district.

[9] Alternatively, the Court **GRANTS LEAVE** to file an amended complaint, consistent with counsel's professional obligations, no later than August 14, 2026.